673 So.2d 1085 (1996)
STATE of Louisiana
v.
Leo BATES.
No. 96-KA-9.
Court of Appeal of Louisiana, Fifth Circuit.
April 16, 1996.
John M. Mamoulides, District Attorney, Terry M. Boudreaux, Assistant D.A., Gretna, for Plaintiff-Appellee.
Bruce G. Whittaker, Indigent Defender Board, Gretna, for Plaintiff-Appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
Defendant, Leo Bates, was convicted by a jury in the 24th Judicial District of possession of cocaine and was sentenced to three years at hard labor. Subsequently, in response to a multiple offender bill alleging he was a third felony offender, the three year sentence was vacated and Bates was sentenced to ten (10) years at hard labor, with credit for time served.

*1086 FACTS
On April 22, 1995, Jefferson Parish Sheriff deputies Sean Schneider and Mark Ceravolo were on routine patrol in a known high crime area of Jefferson Parish. While patrolling a section of North Elm Street where narcotics were sold, the officers observed a black male, later identified as defendant, leaning into a passenger window of a white van. As the officers drove up and parked, the van left the area. Defendant looked at the officers and dropped a foil package on the ground. The officers detained defendant and retrieved the foil package, which contained rock-like objects that field tested positive for cocaine. Subsequent laboratory analysis concluded the substances contained cocaine. At trial, the officers positively identified defendant as the man who dropped the package containing cocaine. Deputy Schneider also testified that he had an unobstructed view of defendant leaning in the window and dropping the package from his right hand. Deputy Ceravolo testified that he saw the package, about the size of a "Hershey's kiss" drop to the ground.

DISCUSSION
In the present case, defense counsel has filed a brief which follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967). Anders provides guidance as to the procedure to be used when appellate defense counsel finds a case to be wholly frivolous. Counsel must advise the court of its finding and request permission to withdraw. The defendant is sent a copy of the brief and is allowed time to file a brief raising any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal. On the other hand, if it finds any of the legal points are arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
Following the filing of the Anders Brief, we have reviewed the entire record and find no issues to support the appeal.
We have also reviewed the record for any errors patent and find no errors which would merit reversal of the defendant's conviction and sentence. However, we do find that after being sentenced, Bates was not advised of the prescriptive period set forth in LSA-C.Cr.P. art. 930.8(C) at the time of sentencing as a multiple offender. The trial judge is ordered to inform Bates of the provisions of this article by sending appropriate written notice to him within 10 days of this opinion and to file written proof that Bates received this notice.
Accordingly, the defendant's conviction and sentence are affirmed; however, the matter is remanded with the instructions as noted above.
AFFIRMED, REMANDED WITH INSTRUCTIONS.