718 So.2d 1010 (1998)
STATE of Louisiana
v.
Reginald RAYMOND.
No. 98-KA-119.
Court of Appeal of Louisiana, Fifth Circuit.
August 25, 1998.
*1011 William R. Campbell, Jr., New Orleans, for Appellant.
Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Assistant District Attorney, Research & Appeals, Gretna, for Appellee.
Before GAUDIN, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Reginald Raymond, appeals his sentence as a fourth felony offender. We vacate the habitual offender adjudication and sentence and remand.
This case is before us after a remand. In his first appeal, we affirmed defendant's convictions of two counts of distribution of cocaine, a violation of La. R.S. 40:967 A. We vacated his habitual offender conviction and sentence for failure of proof. See: State v. Raymond, 97-81 (La.App. 5th Cir. 5/28/97), 695 So.2d 1039. We will not reiterate the substantive facts here because they are set out in the prior appeal.
On June 6, 1996, defendant was convicted of two counts of distribution of cocaine. The crimes were committed on August 12, 1994 (count one) and August 15, 1994 (count two). On June 26, 1996, the state filed an Habitual Offender Bill of Information pursuant to La. R.S. 15:529.1. On the same day that the bill of information was filed, defendant denied the allegations and the trial judge conducted a hearing on the habitual offender charge. After considering the evidence, the trial judge adjudicated defendant a fourth felony offender and, on count one, sentenced him to serve seventy-five years imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. On count two, the trial judge sentenced defendant to serve ten years imprisonment at hard labor. The trial judge specified that the two sentences were to run concurrently.
After we remanded the case, the trial judge conducted another habitual offender hearing on November 12, 1997. The state introduced certified copies of three convictions, including the waiver of rights forms, the minute entries and bills of information for district court case numbers 85-1301B, 84-2168J, and 93-2704G. The trial judge vacated both of defendant's original sentences and sentenced defendant to life imprisonment, without benefit of parole, probation or suspension of sentence. The trial judge did not specify which count he used as the basis for the enhanced sentence. After defendant's objection, the trial judge vacated *1012 the life sentence and imposed ninety-nine years imprisonment at hard labor, without benefits of probation, parole or suspension of sentence. Immediately following defendant's second objection to the sentence, the trial judge sentenced defendant to eighty-five years imprisonment at hard labor. After another objection, the trial judge sentenced defendant to serve seventy-five years imprisonment at hard labor, without benefits of probation, parole or suspension of sentence.
The record contains a document entitled "SENTENCING," which does not reflect the date that it was filled out, nor the date that it was filed into the record. However, the record reflects that the document was microfilmed for the record on November 17, 1997. Said document reflects that the trial court vacated defendant's two first imposed sentences (count one for seventy-five years and count two for ten years) and imposed a single sentence of life imprisonment, without benefit of probation, parole or suspension of sentence. However, the transcript, minute entry and commitment reflect that defendant was sentenced to seventy-five years imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
On appeal, defendant contends that the sentence imposed by the trial court is illegal because it is not determinate, not specific and because the record is ambiguous. In his second assignment of error, defendant asserts that the sentence imposed by the trial court is illegal because it is not identified with either of the two counts of which defendant was convicted.
After our review under error patent, we find that the state failed to prove the date of discharge for the second felony used to enhance the sentence for count one of the distribution of cocaine charge. Thus, we vacate the habitual offender adjudication and sentence and remand for further proceedings.
Defendant complains that the trial judge erred in the sentence because he failed to specify which of the June 6, 1996 convictions was being enhanced, for purposes of the habitual offender bill of information. Thus, he contends that his sentence is not determinate as required by La.C.Cr.P. art. 879. The state also notes this error. In addition, the state also points out the possibility that the trial judge applied the incorrect sentencing provision. Specifically, the state notes that the trial judge may have applied the current sentencing provision applicable to quadruple offenders, rather than the sentencing provision that was in effect at the time that the defendant committed the instant offense.
First, we note that, in the first appeal of the convictions, this court did not vacate or otherwise modify defendant's ten year sentence on count two. Therefore, that conviction and sentence are final. La.C.Cr.P. art. 922.[1] Accordingly, the trial judge was without authority to vacate the ten year sentence.
Next, this court only remanded for possible re-adjudication of the habitual offender conviction. Since the conviction and sentence on count two was final, the trial judge could only base the habitual offender conviction and enhanced sentence on count one. There is an inconsistency in the record as to the sentence in the document titled "Sentencing." However, the critical documents, the transcript and commitment, provide the correct sentence. Since the transcript always applies when there are discrepancies in the record, this sentence is determinate. See: State v. Polkey, 95-564 (La.App. 5th Cir. 1/17/96), 669 So.2d 2, 3.
Third, we note that, under the law in effect at the time defendant committed the two drug offenses, the statute provided a sentencing range of thirty years imprisonment at hard labor to life. The habitual offender statute, La. R.S. 15:529.1, was amended numerous times since it was first enacted in 1956. The statute in effect on August 12 and August 15, 1994 was enacted in 1993. La. R.S. 15:529.1(A)(3)(b) provided as follows:
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction *1013 but in no event less than twenty years and not more than his natural life; or
(b) If the fourth or subsequent felony and two of the prior felonies involved a violation of R.S. 14:34, R.S. 14:62.1, R.S. 14:62.2, R.S. 14:62.3, R.S. 14:65, R.S. 14:110(B), or of any crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
In this case, the fourth (underlying) felony was for distribution of cocaine, a violation of La. R.S. 40:967(A). At the time the defendant committed the instant offense, the penalty for distribution of cocaine was five to thirty years imprisonment. La. R.S. 40:967(B)(1). The other three felony convictions were for violations of La. R.S. 14:65, La. R.S.14:52, and La. R.S. 14:62.3. While two of the felonies are listed in R.S.15:529.1(3)(b), the underlying felony is not a listed violation. Thus, R.S. 15:529.1(3)(a) applies. Under that provision, the appropriate sentencing range for the habitual offender conviction is between thirty years imprisonment and life imprisonment.[2]
In this case, the trial judge sentenced defendant to seventy-five years. The seventy-five year sentence is within the range for the habitual offender conviction based on this particular drug conviction under the law in effect at the time the offenses were committed. However, under La. R.S. 40:967(G), defendant would be eligible for parole, but not for probation or suspension of sentence. In this respect, then, the trial judge erred. Since we must vacate the conviction because of problems with proof of the predicate offenses, this is noted for completeness.

ERROR PATENT
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Boudreaux, 95-153 (La.App. 5th Cir. 9/20/95); 662 So.2d 22, 28.
We note one error patent.[3] The record reflects that during the habitual offender hearing, held after our remand, the state failed to offer proof of the date on which defendant was discharged from custody on one of the predicate offenses. This is an error that the appellate court should consider during its error patent review, as it relates to sufficiency of the evidence. State v. Balser, 96-443 (La.App. 5th Cir. 11/14/96), 694 So.2d 351, 353-354; State v. Harper, 480 So.2d 483, 485 (La.App. 5th Cir.1985); State v. Raymo, 419 So.2d 858 (La.1982).
Following the state's introduction of all of its evidence, defendant objected, stating as follows: "Don't they have a grace period in them (sic) convictions?" (R., p. 39). *1014 The trial judge responded "[y]es. We're going to give you grace." (R., p. 39). The essence of defendant's objection was that the state had to prove the cleansing, or "grace," period.
The state bears the burden of showing that the predicate convictions fall within the cleansing period. State v. Humphrey, 96-838 (La.App. 5th Cir. 4/29/97), 694 So.2d 1082, 1088. The cleansing period is calculated from the actual date of discharge from supervision by the Department of Corrections, if the time between the date of conviction of the predicate offense and the date the current crime was committed is more than the cleansing period. Id. The commencement of the cleansing period from the date of discharge from state supervision is used because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole revocation. Id. at 1088; State v. Serio, 94-131 (La.App. 5th Cir. 6/30/94), 641 So.2d 604, writ denied, 94-2025 (La.12/16/94), 648 So.2d 388, reconsideration denied, 94-2025 (La.3/17/95), 651 So.2d 261, appeal after remand, 95-338 (La.App. 5th Cir. 2/14/95), 670 So.2d 1273. Proof of the discharge dates on the predicate offenses is unnecessary if the predicate offenses fall within the cleansing period. State v. Humphrey, 694 So.2d at 1088. Under the law in effect at the time the offenses were committed, the appropriate cleansing period was five years.[4]
In this case, defendant committed the fourth and instant offense, distribution of cocaine, on August 12, 1994. He was convicted of the third felony, simple robbery, on August 19, 1993.[5] The maximum sentence for that violation was seven years. Defendant was convicted of the second felony, simple arson, on September 10, 1985.[6] The maximum sentence for simple arson was five years. He was convicted of the first felony, unauthorized entry of an inhabited dwelling, on November 5, 1984.[7] That offense had a maximum sentence of six years.
Five years did not elapse between the date of the commission of the fourth felony offense (August 12, 1994) and the date of defendant's third felony conviction (August 19, 1993). Thus, the state did not need to prove the date of discharge from the third felony conviction. Likewise, five years did not elapse between the date the defendant committed his second felony (May 10, 1985) and the date of the defendant's first felony conviction (November 5, 1984). However, eight years elapsed between the date that defendant committed his third felony (May 3, 1993) and his second felony conviction (September 10, 1985).
In order to use the second felony as a predicate offense, the state had to prove that the date of discharge from the second felony was within five years of the date on which defendant committed the third felony. The state failed to make that showing at trial. The state offered no evidence of the dates on which defendant was discharged from custody. Nor does the transcript reflect that the state orally alleged a date on which defendant was discharged on his previous felony convictions. Thus, the adjudication of defendant as a fourth felony offender must be vacated. Since double jeopardy principles are inapplicable to sentence enhancement proceedings, the State may retry defendant as an habitual offender. State v. Balser, 694 So.2d at 354.
*1015 We point out that, if the state chooses to re-try defendant as an habitual offender, it may not be able to prove defendant is a fourth offender using these crimes as predicates. If the state cannot prove defendant was discharged from the second felony conviction within five years of defendant's committing the third felony (September 10, 1985 and May 3, 1993 respectively), the state will be also be unable to convict defendant of being a third felony offender. That is because the state would have to prove that the date of discharge between the first and third felonies is less than five years. However, that is impossible because defendant only received three years for the first felony conviction on November 5, 1984. The latest possible date defendant could have been discharged was November 5, 1987. The third felony was committed May 3, 1993, a difference of six years. At best, the evidence introduced during the second habitual offender hearing proved defendant was a second felony offender.
Accordingly, the adjudication and sentence of defendant as a fourth felony offender is hereby vacated. The case is remanded for further proceedings.
ADJUDICATION AND SENTENCE VACATED; CASE REMANDED.
NOTES
[1] See also: La.C.Cr.P. art. 916. The trial court was divested of jurisdiction since this was not an illegal sentence, no motion to reconsider sentencing was filed during the pendency of the appeal and no other provision of Art. 916 applies.
[2] The Habitual Offender Law was amended again in 1994, after defendant committed these two crimes. 1994 3d Extr. Sess., La. Acts 85, § 1, effective August 27, 1994. The 1994 amendment is similar to the present one, enacted in 1995. 1995 La. Acts 839, § 1. Under the amendments, if the fourth or subsequent felony or any of the prior felonies is defined as a crime of violence or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years, defendant must be sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
[3] This court's previous appellate opinion in this case, State v. Raymond, 695 So.2d at 1044, noted that one of the defendant's complaints on appeal was that the state failed to prove the cleansing period, as set forth in La.R.S. 15:529.1(C). Specifically, we noted that defendant complained that the state failed to introduce any evidence during the habitual offender hearing to prove the dates he was discharged from custody. Id. However, the opinion did not discuss the merits of this argument.
[4] The applicable statute is the one in effect at the time defendant committed the offense. See: State v. Christmann, 96-888, p. 5 (La.App. 5th Cir. 3/12/97), 692 So.2d 1155, 1158, writ denied, 97-0951 (La. 10/3/97), 701 So.2d 196, reconsid. denied, 97-0951 (La. 11/21/97), 703 So.2d 1295. In 1994, La.R.S. 15:529.1(C) provided as follows:

This section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any said five year periods. (Emphasis added).
[5] R.S. 14:65.
[6] R.S. 14:52
[7] R.S. 14:62.3