laCANNELLA, Judge.
Defendant, Ted Sheridan, appeals from his convictions of two counts of armed robbery and his sentence as a third felony offender to life in prison at hard labor. For the reasons which follow, we affirm the convictions, original sentences and the adjudication of defendant as an habitual offender and vacate the enhanced sentence and remand.
The victim of the December 23, 1995 armed robbery reported to police that she was robbed by a man with a knife as she was loading groceries into her vehicle in the parking lot of Schwegmann’s grocery on Airline Highway in Jefferson Parish, Louisiana. In a similar armed robbery, another victim reported to police that she too was robbed by a man with a knife as she was loading her groceries into her automobile in the parking lot of Schwegmann’s grocery on Airline Highway. In both instances the perpetrator demanded that the victims turn over their purses. Both victims picked out defendant from a photo line-up. The first victim reported a license number on the getaway ear that matched ^defendant's license number.
Defendant was arrested and on March 8, 1996 was charged by bill of information with two counts of armed robbery in violation of La. R.S. 14:64. On October 31, 1996, a third count of armed robbery was added. Defendant waived trial by jury and proceeded to a judge trial on the first two counts of armed robbery. He took the stand in his own defense and admitted approaching the victims, but denied that he had a weapon or threatened them. The trial judge found defendant guilty of both counts of armed robbery. De *59 fendant was sentenced to two consecutive 60 year terms of imprisonment at hard labor. On June 4, 1997, the state filed an habitual offender bill of information asserting that defendant was a third felony offender. Defendant filed a Response to Information wherein he denied being an habitual offender. The trial judge took up the habitual offender bill and, after presentation of the state’s evidence, found that defendant was a third felony offender. The trial court thereupon sentenced defendant to life imprisonment. It is from this sentence that defendant appeals.
On appeal defendant assigns one error and requests that the record be reviewed for any errors patent.[1] Defendant argues that the trial court erred in failing to vacate his original sentences at the time that the court sentenced defendant as an habitual offender. Therefore, he argues that his sentence as an habitual offender to life in prison is invalid.
Concerning the trial court’s failure to vacate the earlier sentences before resentenc-ing defendant, this court has held that where the original sentence on the underlying offense has not been vacated at the time of defendant’s sentencing as |4an habitual offender, the original sentence remains in effect and the subsequent sentence as an habitual offender is null and void. State v. Carter, 96-358 (La.App. 5th Cir. 11/26/96), 685 So.2d 346; State v. Jackson, 95-423 (La.App. 5th Cir. 11/15/95), 665 So.2d 467. Thus, we find merit in defendant’s claim that the court erred in failing to vacate defendant’s original sentence, or sentences, before imposing the enhanced sentence.
In addition to the above error, the enhanced sentence of defendant to life in prison must be vacated because it is not clear to which (one or both) armed robbery conviction it applied. Defendant was convicted of two counts of armed robbery. Both were listed in the habitual offender bill of information. In the adjudication as an habitual offender and resentencing of defendant to life in prison at hard labor, it cannot be determined from the record whether the trial court was sentencing defendant on both counts or on one count, and if on one count, on which count. This likewise was error as it is required that a defendant receive a determinate sentence for each offense upon which he is convicted. La.C.Cr.P. art. 879; State v. Webster, 95-605 (La.App. 3rd Cir. 11/2/95), 664 So.2d 624. Therefore, defendant’s enhanced sentence to life in prison at hard labor must be vacated.
Following a review of the record for errors patent, we find that the trial court failed to properly inform defendant of the prescriptive period for post-conviction relief as mandated by La.C.Cr.P. art. 930.8. This error shall be corrected by informing the appellant of the provisions of La.C.Cr.P. art. 930.8 by appropriate written notice with record proof of receipt by defendant Ras per State v. Bates, 96-9 (La.App. 5th Cir. 4/16/96), 673 So.2d 1085, or by oral notice at the enhanced sentencing proceeding. We also note that sentence was imposed without benefit of probation, parole or suspension of sentence contrary to La. R.S.15:529.1 (A)(l)(b)(ii). Although that issue is moot in view of our ruling vacating the enhanced sentence, it should be noted in any subsequent enhanced sentencing procedure.
For the foregoing reasons, defendant’s convictions on two counts of armed robbery and the originally imposed sentences to consecutive 60 year terms are affirmed, as is the court’s finding that defendant is a third felony offender. The enhanced sentences to life in prison at hard labor imposed pursuant to defendant’s adjudication as a third offender is vacated and the case is remanded for resentencing or execution of the originally imposed sentences.
CONVICTIONS, ORIGINAL SENTENCES AND HABITUAL OFFENDER ADJUDICATION AFFIRMED; EN *60 HANCED SENTENCE VACATED; CASE REMANDED.

. Defendant assigns no errors concerning the underlying convictions, original sentences or evidence presented at the habitual offender hearing. Therefore, the convictions on the two counts of armed robbery and consecutive 60 year sentences are affirmed, as well as the adjudication of defendant as a third felony offender.