722 So.2d 1093 (1998)
STATE of Louisiana
v.
Gregory J. RADACKER.
No. 98-KA-434
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1998.
*1094 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Thomas J. Butler, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Sandra C. Jenkins, Louisiana Appellate Project, New Orleans, Louisiana, Attorney for Defendant/Appellant.
Gregory Radacker, Angola, Louisiana, Pro Se.
Before H. CHARLES GAUDIN, EDWARD A. DUFRESNE, Jr., and SOL GOTHARD, JJ.
GOTHARD, Judge.
On March 11, 1994, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Gregory M. Radacker, with commission of an armed robbery on February 28, 1994, in violation of LSA-R.S. 14:64. At his arraignment, the defendant entered a plea of not guilty. Subsequently, on May 24, 1994, the defendant withdrew his plea of not guilty and entered a plea of guilty in accordance with a plea bargain. He was sentenced to serve ten years at hard labor without benefit of parole, probation or suspension of sentence to run concurrent with a sentence in another matter.
In accordance with the plea agreement, the district attorney filed a multiple offender bill of information alleging that the defendant was a second felony offender. At the arraignment on May 26, 1994, the defendant entered a plea of not guilty to the charge that he was a second felony offender. On March 23, 1995, the court conducted a hearing on the multiple offender allegation, after which the defendant was adjudicated a second felony offender. The trial court vacated the defendant's original sentence and imposed an enhanced sentence of thirty years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.
On February 27, 1997, the defendant filed an application for post conviction relief and/or petition for out-of-time appeal. The trial court granted the defendant's motion for out-of-time appeal.
Both defense counsel and defendant have filed briefs in this court. In accordance with the directive in State v. Melon, 95-2209 (La.9/22/95), 660 So.2d 466, this court will consider the assignments of error addressed by defendant's pro se brief, as well as those addressed by defense counsel. See also; State v. Van Winkle, 97-307 (La.App. 5 Cir. 10/28/97), 701 So.2d 1076, writ denied 97-3018 (La 3/13/98), 712 So.2d 876. Both the defendant and his counsel raise questions of sufficiency of evidence used to adjudicate the defendant a multiple offender. The arguments made in defense counsel's brief are that the state failed to prove that defendant was the same person convicted on the predicate offense of unauthorized entry into an inhabited dwelling; and that the Boykin transcript of the predicate offense does not show a knowing and intelligent waiver of rights. The defendant reiterates the argument in so far as it relates to the state's *1095 failure to prove he is the same man who committed the predicate offense. Additionally, the defendant argues the state failed to prove the cleansing period had not elapsed, and failed to prove that he was represented by counsel in the previous guilty plea.
At the outset we note that the arguments relating to the predicate offense were not preserved for appellate review by filing a written response challenging the validity of his prior conviction nor did he object on this basis at the multiple bill hearing.
Following the Louisiana Supreme Court decision in State v. Shelton, 621 So.2d 769 (La.1993), the Louisiana Legislature amended LSA-R.S. 15:529.1(D)(1)(b) to place the burden of challenging a predicate conviction in a multiple bill proceeding on the defendant. At the time the defendant committed the underlying offense, February 28, 1994, LSA-R.S. 15:529.1(D)(1), provided in pertinent part:
(a) ... If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b)....

(b) ... If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence. (Emphasis added).
Defendant filed a Motion to Quash the Bill of Information in response to the multiple bill which alleges that he was not informed at the time of the guilty plea that it could be used to enhance a future sentence. The motion was denied and defendant re-urged the same objection at the hearing on the multiple bill. Defendant did not challenge the sufficiency of the guilty plea in the predicate offense. Thus, the motion to suppress and the objection raised at the hearing are insufficient to preserve the matter for our review. Accordingly, he cannot now raise the sufficiency of the predicate offense to attack his sentence as a second offender. State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98, 709 So.2d 921); State v. Hardy, 98-25 (La.App. 5 Cir. 5/13/98), 715 So.2d 466.
Further, no contemporaneous objection was made to preserve the issue of whether the state established the discharge date on the predicate offense. Such a failure to object waives the right to appellate review of that issue. State v. Girod, 96-660 (La.App. 5 Cir. 11/25/97), 703 So.2d 771, writ denied 98-0244 (La.6/19/98), 719 So.2d 480; State v. Jones, 94-0071 (La.App. 4 Cir. 3/29/95), 653 So.2d 746. Accordingly, this court will not consider the arguments presented relating to the validity of the guilty plea in the predicate offense or the proof of the cleansing period.
The only issue preserved for appeal is the sufficiency of proof in the multiple bill hearing used to show that the defendant herein is the same defendant who was convicted of the predicate offense. In this regard, both the defendant and his counsel object specifically to the testimony regarding fingerprints.
As proof that the defendant was the person who committed the previous felony, the record reflects that the state introduced the following exhibits:

State Exhibit no. 1: Contains two (2) certified documents that are stapled together. Pertinently, the first document is a copy of a "Final Disposition Report." This report reflects that in district court case number 87-3927, police item number L-449-87, a person named "Gregory J. Radecker" was arrested on December 1, 1987 for various crimes, including one (1) count of unauthorized entry into an inhabited dwelling. Said report reflects that on *1096 February 11, 1988, the person pled guilty to this crime and that the trial judge sentenced him to serve two years imprisonment in the parish prison, suspended the sentence and placed him on active probation. As special conditions, the person was required to serve seventy (70) days in the parish prison, with credit for time served, to enroll in a substance abuse program, and to pay twenty-five dollars ($25.00) per month to the Probation Department. This document contains a set of fingerprints. State Exhibit no. 2: A certified copy of a fingerprint card for a person named "Gregory Radecker." The document is dated February 28, 1994, and reflects that the person was arrested for armed robbery.

State Exhibit no. 3: An original fingerprint card for a person named "Gregory Radecker." The card was made by Officer P. Adams on September 15,1994.

State Exhibit no. 4: A group of certified documents for a person named "Gregory Radecker." The first page is a bill of information reflecting that this person was charged with one count of unauthorized entry into an inhabited dwelling, in violation of LSA-R.S. 14:62.3. This bill of information reflects police item number L-449-87, and that the charge was disposed of in district court case number 87-3927. The seventh through the ninth pages are entitled "Defendant's Acknowledgment Of Constitutional Rights And Waiver Of Rights On Entry Of A Plea Of Guilty" and reflect that in district court case number 87-3927, the person pled guilty as charged on February 11, 1988. The tenth page is a minute entry dated February 11, 1988 reflecting that on February 11, 1988, in district court case number 87-3927, "Gregory J. Radecker" pled guilty to this crime and that the trial judge sentenced him to serve two years imprisonment in the parish prison, suspended the execution of the sentence and placed him on active probation for two years. As special conditions, the person was required to serve seventy (70) days in the parish prison, with credit for time served, to enroll in a substance abuse program, and to pay twenty-five dollars ($25.00) per month to the Probation Department for supervision. The eleventh and final page is a commitment form, which reflects that on February 11, 1988, in district court case number 87-3927, police item number L-44987, a person named "Gregory J. Radecker" was sentenced as stated on the minute entry for the same date.

State Exhibit no. 6: A copy of the transcript from February 11, 1988. This transcript reflects that in district court case number 87-3927, a person named "Gregory Radecker" pled guilty to one count of unauthorized entry of an inhabited dwelling and was sentenced to serve two years imprisonment in the parish prison. However, said sentence was suspended and the person was placed on active probation for two years. As special conditions, the person was required to serve seventy (72) days in the parish prison, with credit for time served, to enroll in a substance abuse program, and to pay a twenty-five dollar ($25.00) per month supervision fee to the Probation Department.
At the hearing on the multiple bill the defense stipulated to the expert status of Officer Patricia Adams, of the Jefferson Parish Sheriff's Office. In her expert capacity, she testified that she examined the fingerprints on the disposition sheet from the predicate offense, the fingerprint card filled out at the time of arrest of the current offense, as well as fingerprints she took of the defendant in court on September 15, 1994. All three sets of fingerprints were made part of the record by the state and are contained in the record as exhibits. Following her analysis of the prints, she concluded that the fingerprints were all made by the defendant. Specifically, when asked whether she submitted all three fingerprint cards to fingerprint analysis, Officer Adams responded affirmatively and explained that "[a]ll three sets of fingerprints have been compared and they are one and the same." When asked whether, in her opinion, the three sets of prints were made by the same person, Officer Adams again replied affirmatively.
Apparently, the trial judge accepted Officer Adams' expert opinion that the three sets *1097 of fingerprints were made by the defendant. "[T]his Court has held that testimony comparing a defendant's current fingerprints with fingerprints found on prior arrest records is sufficient to prove that the defendant was the person convicted of a prior felony." State v. Bell, 97-1134 (La.App. 5 Cir. 2/25/98), 709 So.2d 921, 926. See also, State v. Scamardo, 97-197 (La.App. 5 Cir. 2/11/98), 708 So.2d 1126.
Defendant also complains that the state failed to link the fingerprints from the disposition card (State Exhibit no. 1) with the bill of information from the predicate offense (State Exhibit no. 4), State Exhibit no. 1, which contains a set of fingerprints belonging to "Gregory J. Radecker," bears police item number L-449-87 and district court case number 87-3927, and State Exhibit no. 4, which is the bill of information charging "Gregory Radecker" with unauthorized entry of an inhabited dwelling, also bears police item number L-449-87 and district court case number 87-3927. Considering Officer Adams' testimony that the three sets of fingerprints contained in State Exhibit nos. 1, 2 and 3 were all made by the same person, we find this argument meritless.
In our review of the record for errors patent, we note the trial judge did not advise the defendant of the prescriptive period for post-conviction relief as mandated by LSA-C.Cr.P. art. 930.8(C). LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. Accordingly the trial court is ordered to inform the appellant of the provisions of this article by sending appropriate written notice to him within ten days of this Court's opinion, and to file written proof that the appellant received such notice. State v. Bates, 96-9 (La.App. 5 Cir. 4/16/96), 673 So.2d 1085.
AFFIRMED WITH ORDER.