732 So.2d 566 (1999)
STATE of Louisiana
v.
Franklin BROWN.
No. 98-KA-938.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*567 Laurie A. White, New Orleans, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Ellen S. Fantaci, Terry M. Boudreaux, Appellate Counsel, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and THOMAS C. WICKER, Jr., Ad Hoc
THOMAS C. WICKER, Jr., Judge Ad Hoc.
The defendant, Franklin Brown, Jr., has appealed his conviction as a multiple offender, and the thirty year sentence imposed on the multiple bill. The defendant pled guilty to one count of simple burglary and one count of purse snatching. Pursuant to the guilty plea, he was sentenced to twelve years at hard labor on the simple burglary conviction. After being adjudicated a multiple offender, he received an enhanced sentence of twenty years at hard labor on the purse snatching conviction. He appealed to this court and the underlying convictions were affirmed; however, the multiple bill conviction was vacated.[1] This matter was remanded for a new hearing on the multiple offender bill of information.
On August 7, 1996, the trial court held a second hearing on the multiple offender bill of information. Following the presentation of evidence, the trial judge adjudicated the defendant a second felony offender and sentenced the defendant to serve an enhanced sentence of thirty years imprisonment at hard labor.
The defendant filed a motion to reconsider his enhanced sentence, which was denied on September 24, 1997.
On appeal, the defendant argues that he was erroneously adjudged a second offender for purposes of La. R.S. 15:529.1, in violation of his Due Process Rights under the Fourteenth Amendment to the United States Constitution. The defendant complains that the state did not carry its burden, as set forth in State v. Shelton, 621 So.2d 769 (La.1993), of presenting competent evidence demonstrating the constitutionality of his prior guilty plea and that the defendant was the person who was *568 convicted of the prior felony. Additionally, the defendant complains that the state did not prove that the predicate offense fell within the appropriate cleansing period pursuant to LSA-R.S. 15:529.1(C).
The state contends the evidence presented was sufficient to establish both the constitutionality of the prior guilty plea and that the defendant was the same person who was convicted of the prior felony. The state also argues that the defendant is barred from raising any argument relative to the cleansing period on appeal because this objection was not raised in the trial court.
In State v. Raymond, 98-119 (La. App. 5th Cir. 8/25/98), 718 So.2d 1010, this Court held that the state's failure to prove the date the defendant was discharged from custody on one of the predicate offenses is an error patent that should be considered by the appellate court, since it relates to sufficiency of the evidence. Thus, we will consider defendant's argument relative to the cleansing period.
In Raymond, we also held the state must prove the predicate convictions fall within the cleansing period, which is calculated from the actual date of discharge from supervision by the Department of Corrections, if the time between the date of conviction of the predicate offense and the date the current crime was committed is more than the cleansing period. Id. at 1013. If the predicate offenses fall within the cleansing period, proof of the discharge dates on the predicate offenses is unnecessary. Id.
On September 29, 1994, the date the defendant committed the crime of purse snatching, the cleansing period under the law in effect was seven years[2]. In Orleans Parish criminal district court case number 285-181, the defendant committed the felony of armed robbery on September 29, 1981, for which he was convicted on November 19, 1981. As more than seven years elapsed between the date of the commission of the underlying felony offense (September 29, 1994) and the date of the previous felony conviction (November 19, 1981), the state had to prove the date of discharge for the defendant's original felony conviction in order to use the previous conviction as a predicate offense. Pages three and four of State Exhibit number One reflect that the defendant was sentenced to ten years imprisonment at hard labor for his conviction in Orleans Parish district court case number 285-181. The defendant admitted that he received a sentence of ten years imprisonment for this armed robbery conviction. However, the state did not offer any proof regarding the date upon which the defendant was actually discharged from custody on said sentence. Thus, the state did not prove that the defendant's prior felony fell within the cleansing period.
Accordingly, the defendant's adjudication as an habitual offender and his enhanced sentence are vacated. This case is remanded for further proceedings.[3]
ADJUDICATION AND SENTENCE VACATED; REMANDED.
NOTES
[1] State v. Brown, 95-377 (La.App. 5 Cir. 11/15/95), 665 So.2d 477.
[2] On September 29, 1994, the date the defendant committed the crime of purse snatching, LSA-R.S. 15:529.1(C) provided as follows: This section shall not be applicable in cases where more than seven years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any said seven-year periods. (Emphasis added).
[3] We note that "[s]ince double jeopardy principles are inapplicable to sentence enhancement proceedings, the State may retry defendant as an habitual offender." Raymond, 718 So.2d at 1014.