792 So.2d 908 (2001)
STATE of Louisiana
v.
Kirk A. BOWERS.
No. 01-KA-120.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 2001.
*909 Paul D. Connick, District Attorney, Jefferson Parish, Terry Boudreaux, Thomas J. Butler, Frank A. Brindese, Assistant District Attorneys, Gretna, LA, Counsel for State.
Bruce W. Harris, New Orleans, LA, Counsel for defendant-appellant.
Court composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The Defendant was convicted of possession of cocaine with the intent to distribute. After being adjudicated a third felony offender, he was sentenced to life imprisonment. For the reasons set forth below, the Defendant's conviction is affirmed, but the multiple offender adjudication and sentence are vacated.

STATEMENT OF THE CASE
Defendant, Kirk Bowers, was convicted of possession of cocaine with the intent to distribute, in violation of LSA-R.S. 40:967 A. He was sentenced to serve 15 years of imprisonment at hard labor. Following a multiple offender hearing, the Defendant was adjudicated a third felony offender. His prior sentence was vacated and he was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
This case is before this Court for a second time. After the first appeal, this Court affirmed the Defendant's conviction, vacated his sentence and remanded the case to the district court for consideration of the motion for new trial. State v. Bowers, 98-833 (La.App. 5 Cir. 5/19/99, 744 So.2d 242) (Not Designated for Publication).
Following the remand, Defendant filed a supplemental motion for a new trial. On May 18, 2000, a hearing was held on the motion for a new trial wherein the motion was denied. On that date, the State reurged the multiple bill and the court vacated the original sentence and sentenced the Defendant as a third felony offender to life imprisonment without benefit of parole, probation or suspension of sentence, but with credit for time served. On May 22, 2000, Defendant was granted the current appeal.

FACTS
On October 8, 1997, two Westwego police officers, Sergeant Van Plaisance and Officer Elston Cutino, had finished a drug surveillance operation and were driving on Avenue C in Westwego to return to the police station. As they approached the *910 intersection of Avenue C and Fifth Street, they noticed the Defendant riding a bike and circling the intersection. The two officers pulled through the intersection and Defendant approached their truck. Defendant rode up to the driver's side of the truck and asked if the two officers needed anything. Sgt. Plaisance asked Defendant what he had, and Defendant responded that he had "twenties," which is street jargon for $20.00 rocks of crack cocaine. Officer Cutino told Defendant that they needed two. Defendant then told the officers to pull around the block and that he would be back. After making the block, the Defendant and another man approached the truck from behind. The other man stayed back as the Defendant approached the back of the truck. Once Defendant reached the back of the truck, the two officers got out of the vehicle and identified themselves as police officers. At this point, Sgt. Plaisance grabbed the Defendant because he observed the Defendant place something in his mouth. A struggle ensued and the Defendant removed the two objects from his mouth and threw them on the ground. After Defendant was handcuffed, Sgt. Plaisance retrieved the objects. The objects were tested and identified as cocaine.

ASSIGNMENT OF ERROR NUMBER ONE
As his first assignment of error, the Defendant alleges that the trial court erred in denying the motion for a new trial. Defendant argues that he would have been able to present new and material evidence, which, despite the exercise of reasonable diligence, was not discoverable before or during trial and which, if presented during trial, would have changed the outcome of the trial.
Under LSA-C.Cr.P. art. 851(3), a new trial shall be granted whenever new and material evidence that notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty. The motion for a new trial is based upon the supposition that an injustice has been done to the defendant, and unless such an injustice is shown, the new trial shall be denied, no matter what grounds are alleged. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1218.
In evaluating the newly discovered evidence, the trial judge must determine if it is so material that it ought to produce a different result from the verdict reached. State v. Clayton, 427 So.2d 827, 830 (La. 1982), reh'g denied, 427 So.2d at 831 (La. 1983). The ruling on the motion for a new trial is committed to the sound discretion of the trial judge and will not be disturbed on appeal absent a clear showing of abuse of that discretion. Id. at 832; State v. East, 99-1379 (La.App. 5 Cir. 7/25/00), 768 So.2d 173, 178.
At the hearing on the motion for a new trial, Defendant stated that he had filed a supplemental motion, which indicated that he had newly discovered evidence in the form of testimony from witness Joseph Peters.
According to the Defendant, the testimony of Peters would support his defense that Defendant knew the undercover officer in this case and would not have sold drugs to him. Additionally, the testimony would refute the testimony of Sergeant Van Plaisance, who stated that his only involvement in the Defendant's 1994 arrest was preparing the paperwork.
At the hearing on the motion for a new trial, the Defendant's witness, Joseph Peters, testified that he was arrested on December 3, 1994, at approximately 12:15 *911 a.m. in the 100 block of Louisiana Avenue. According to Peters, Sgt. Van Plaisance transported him and the Defendant to the police station. On cross-examination, Peters indicated that he had known the Defendant since 1969.
Defendant Kirk Bowers also testified. He indicated that he had been arrested by Sgt. Plaisance on an outstanding traffic offense warrant and he was taken to jail. Bowers said that he saw Sgt. Plaisance almost every day, knew where he lived and the type of vehicle he drove. According to Bowers, in 1994, he was arrested and transported to the Westwego Police Station by Sgt. Plaisance after he attempted to sell narcotics to a female undercover officer. On cross-examination, Bowers admitted that he told his lawyer this information during trial and that his lawyer had the information. He recanted this at the time of re-direct examination, saying that he only told his lawyer after his conviction.
In denying the Defendant's motion, the trial court stated as follows:
As far as selling to somebody you knew, that's not uncommon that people sell to the same agent. It's happened on other occasions. Whether he recognized Van Plaisance before this incident took place or not it's not clear, but obviously the incident as testified to by Van Plaisance was very clear and concise in the record. And I think the evidence or the testimony that was adduced today was available to the defendant prior to today. And, accordingly, I'm going to deny the motion for a new trial.
We find the trial judge correctly concluded that this was not newly discovered evidence. Thus, the Defendant failed to meet his burden of proof required under LSA-C.Cr. P. art. 851(3).

ASSIGNMENT OF ERROR NUMBER THREE[1]
Here, the Defendant argues that the trial court erred in enhancing his sentence based upon a plea agreement in which he was never actually sentenced. Defendant claims that one of the predicate offenses used in his multiple offender adjudication was not final because he was never sentenced for this offense.
The State filed a multiple offender bill alleging that in addition to the March 17, 1998 conviction for possession with the intent to distribute cocaine, the Defendant had two prior convictions. The State alleged that on March 24, 1995, Bowers pleaded guilty to distribution of cocaine, in violation of LSA-R.S. 40:967 A, and on August 28, 1989, Bowers pleaded guilty to attempted first degree robbery, a violation of LSA-R.S. 14:64.1.
A hearing on the multiple bill was conducted on April 15, 1998. At the conclusion of the hearing, the trial judge found Bowers to be a third felony offender. The original sentence of 15 years was vacated and the court sentenced him to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, but with credit for time served.
In this assignment of error, the Defendant contends he was wrongly found to be a third felony offender because there was no evidence that he was ever sentenced on the robbery conviction. Therefore, this sentence is not final and cannot be used for enhancement purposes.
Our review of the record indicates that the Defendant's written response to the *912 multiple bill does not raise this objection, nor was it raised at the multiple bill hearing. Normally, this would preclude the issue from being reviewed on appeal. See, State v. Radacker, 98-434 (La.App. 5 Cir. 11/25/98), 722 So.2d 1093, 1097, writ denied, 99-0031 (La.1999), 741 So.2d 11, reconsideration denied, 99-0031 (La.1999), 743 So.2d 1248. However, since this issue may bear upon the Defendant's due process rights, we will review the issue accordingly. State v. Raymo, 419 So.2d 858, 861 (La.1982).
Concerning the robbery conviction, the sole entry concerning sentencing appears on the August 28, 1989 minute entry, which reads:
ARRAIGNMENT: Defendant present with attorney Randy O. Lewis, defendant sworn; advised of rights; all rights waived; enters into plea agreement for 7 years with the Department of Corrections without benefit of parole, probation or suspension of sentence.
We disagree with the State's contention that this minute entry indicates the Defendant was sentenced on the robbery conviction. Our interpretation of the stated language is that the Defendant entered a negotiated plea for a seven-year sentence. Nevertheless, there is no evidence offered by the State that would indicate Bowers was actually sentenced.
Accordingly, we affirm the Defendant's conviction, but vacate the multiple offender adjudication and sentence and remand to the trial court for action not inconsistent with this opinion.

CONCLUSION
For the reasons stated above, the Defendant's conviction is affirmed. However, the multiple offender adjudication and sentence are reversed because the Defendant was never actually sentenced for one of the predicate offenses. Accordingly, the case is remanded to the trial court for action in accordance with this opinion.
CONVICTION AFFIRMED; MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] By virtue of our holding on this assignment of error, any discussion of assignment of error number two & four dealing with the multiple offender adjudication and sentence is pretermitted.