16 So.3d 398 (2009)
STATE of Louisiana
v.
Terrance L. MOSLEY.
No. 08-KA-1319.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 2009.
*399 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Desiree M. Valenti, Walter G. Amstutz, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, LA, and James A. Williams, Rachel Yazbeck, Attorneys at Law, Gretna, LA, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
In this criminal matter, bearing docket number 08-KA-1319, defendant/appellant Terrance L. Mosley appeals his habitual offender life sentence. In a separate appeala companion case on this Court's docketbearing docket number 08-KA-1318 he appeals his jury trial conviction of possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A). Mr. Mosley assigns the following error in the present appeal 08-KA-1319: The trial court erred by imposing an illegal and *400 excessive sentence. Finding a due process defect in the habitual offender proceedings, we pretermit the assigned error; vacate the multiple offender finding; vacate the multiple offender life sentence; reinstate the original 25-year sentence; and remand.

Procedural History
The state filed a bill of information charging Mr. Mosley with possession with intent to distribute marijuana, a violation of La.R.S. 40:966(A). A 12-person jury returned a verdict of guilty as charged. Mr. Mosley filed a motion for new trial on July 24, 2008. The trial judge denied the motion on that day. On August 7, 2008, the trial court sentenced Mr. Mosley to 25 years at hard labor.[1] On that day, the state filed a habitual offender bill of information, alleging that Mr. Mosley was a third felony offender.

Habitual Offender Proceedings
The state alleged that Mr. Mosley was a third felony offender based on the following two predicate convictions: (1) Proceeding number 95-5719, wherein the defendant pleaded guilty to possession with intent to distribute cocaine, a violation of La.R.S. 40:967(A) on February 5, 1996. The defendant received a five-year suspended sentence. (2) Proceeding number 97-1488, wherein the defendant pleaded guilty to distribution of cocaine, a violation of La.R.S. 40:967(A) on June 17, 1997. The defendant received a 10-year sentence.
After Mr. Mosley was informed of the allegations in the bill and he denied them, the court held a habitual offender hearing. The sole witness, Officer Aischa Prudhomme, testified as an expert in the field of latent fingerprint analysis. Officer Prudhomme compared the fingerprints that she had taken from the defendant with those contained on the certified copies of the two predicate convictions upon which the state was relying. She stated that she had no doubt that all of the fingerprints were identical and that they were the defendant's fingerprints.
The trial judge found that Mr. Mosley was a third felony offender. At a later date, the trial judge vacated the previous sentence of 25 years and imposed the enhanced sentence, sentencing the defendant to imprisonment for the remainder of the defendant's natural life without benefit of parole, probation, or suspension of sentence. Defense counsel noted his objection and orally noticed his intent to seek an appeal. Mr. Mosley also filed a timely pro se written motion for appeal.

Due Process Violation
On appeal Mr. Mosley does not challenge his habitual offender finding, but only his sentence on the multiple offender status. He asserts the sentence is illegal and excessive. We pretermit the assignment because our review of the record establishes that the habitual offender proceeding was constitutionally defective and violative of due process, therefore, the habitual offender finding and the life sentence enhancement must be vacated.
In order for a defendant to be found a habitual offender, the state is required to prove the existence of a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Nguyen, 04-321, p. 19 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, *401 912, writ denied, 05-0220 (La.4/29/05), 901 So.2d 1064. In addition, the state bears the burden of proving that the predicate convictions fall within the "cleansing period" prescribed by La.R.S. 15:529.1(C). State v. Metoyer, 612 So.2d 755, 758 (La. App. 5 Cir.1992). See also: State v. Hollins, 99-278, p. 21 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 685, writ denied, 99-2853 (La.1/5/01), 778 So.2d 587. This ten-year "cleansing period" begins to run from the date that a defendant is actually discharged from state custody and supervision. State v. Thomas, 04-1341, p. 15 (La. App. 5 Cir. 5/31/05), 904 So.2d 896, 906, writ denied, 05-2002 (La.2/17/06), 924 So.2d 1013; State v. Anderson, 349 So.2d 311, 314 (La.1977). Thus, the commencement of the "cleansing period" is from the date of discharge from state supervision, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit, or it could take place later because of parole revocation. State v. Humphrey, 96-838, pp. 13-14 (La.App. 5 Cir. 4/29/97), 694 So.2d 1082, 1088, writ denied, 97-1461 (La.11/7/97), 703 So.2d 35. However, if less than the "cleansing period" has elapsed between a defendant's conviction on a predicate felony and his commission of a subsequent predicate felony, the state need not prove the date of discharge on the earlier sentence in the habitual offender proceedings. State v. Brooks, 01-864, p. 12 (La.App. 5 Cir. 1/29/02), 807 So.2d 1090, 1101, citing State ex rel. Clark v. Marullo, 352 So.2d 223, 230 (La.1977) and Humphrey, supra, 96-838 at 14, 694 So.2d at 1088.
In this case, more than the ten-year "cleansing period" has elapsed between the defendant's conviction on the 1997 predicate felony and his commission of the subsequent offense. Thus, the state was required to prove that the underlying offense was committed within ten years of the defendant's release from state custody for the predicate conviction in case number 97-1488.
At the habitual offender hearing, the State produced certified copies of the bill of information in case number 97-1488, as well as a waiver of rights/guilty plea form, and a minute entry detailing the guilty plea. Those documents show that the defendant was sentenced on June 17, 1997 to serve ten years at hard labor. There is nothing in the state's documentation that shows when the defendant was released from state supervision in that case. The underlying offense was committed on February 14, 2008, more than ten years after the defendant was convicted and sentenced in case number 97-1488.
The defendant did not raise the "cleansing" issue in the trial court, nor does he raise it on appeal.
In State v. Raymo, 419 So.2d 858, 861 (La.1982), the Supreme Court held that "[b]ecause the state's case was devoid of evidence of an essential element of the charged offense ... defendant's conviction and sentence must be set aside ... regardless of how the error is brought to the attention of the reviewing court." (Citations omitted).
In 1996, relying on Raymo, this Court recognized as error patent the state's failure to prove the "cleansing period." State v. Balser, 96-443, p. 3 (La.App. 5 Cir. 11/14/96), 694 So.2d 351, 353.
Two years later, in State v. Raymond, 98-119, p. 7 (La.App. 5 Cir. 8/25/98), 718 So.2d 1010, 1013, this Court held that the state's failure to prove the date the defendant was discharged from custody on one of the predicate offenses is an error patent that should be considered by the appellate court, since it relates to sufficiency of the evidence.
*402 Recently, we applied the Raymo rationale to a habitual offender proceeding.
In State v. Lemon, 05-567, pp. 4-6 (La. App. 5 Cir. 2/14/06), 923 So.2d 794, 795-96, the defendant argued that his adjudication as a habitual offender deprived him of his due process rights because his sentence was enhanced using his juvenile delinquency adjudication. The record reflected that the defendant did not file a written response to the multiple bill, nor did he raise this issue at the multiple bill hearing. We noted that normally, this would preclude the issue from being reviewed on appeal. However, because the case he was relying on, State v. Brown, 03-2788 (La.7/6/04), 879 So.2d 1276, 1290, cert, denied, 543 U.S. 1177, 125 S.Ct. 1310, 161 L.Ed.2d 161 (2005), which would have retroactive effect, was not decided at the time of the adjudication, we considered the argument. Relying on State v. Raymo, 419 So.2d 858, 861 (La.1982) and State v. Bowers, 01-120, p. 5 (La.App. 5 Cir.7/30/01), 792 So.2d 908, 911[2] we held that since this issue dealt with the defendant's due process rights, we chose to review the issue on appeal. We found that the defendant's adjudication as a habitual offender under La. R.S. 15:529.1 was not constitutionally permissible.
Likewise, in State v. Harbor, 01-1261, p. 8 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 228, writ denied, State ex rel. Harbor v. State, 02-1489 (La.5/9/03), 843 So.2d 388, we considered the defendant's argument that the trial court erred in sentencing him as a fourth felony offender because the state did not prove that the "cleansing period" had elapsed between the convictions. We considered the argument although the defendant had not raised the objection in the district court. We held that the absence in the record of sufficient evidence to meet the state's burden of proof of the facts supporting the habitual bill of information, particularly in regard to "cleansing," is an error reviewable on appeal and did not require an objection by the defendant (Citations omitted). Id., relying in part on State v. Raymond, 98-119, p. 7 (La.App. 5 Cir. 8/25/98), 718 So.2d 1010, 1013.
The above jurisprudence is consistent with State v. Bullock, 311 So.2d 242, 246 (La.1975). In Bullock, the Supreme Court reversed the defendant's habitual offender adjudication because the state failed to prove the date the defendant was discharged from custody on the predicate offense. The dissent noted that the defendant had not raised this issue in his bills of exception. Id., 311 So.2d at 247.
In an analogous situation concerning a habitual offender proceeding, we recognized as error patent, the trial court's failure to advise a defendant of the allegations contained in the information, his right to a hearing and his right to remain silent prior to the multiple bill hearing. State v. Taylor, 03-1272, p. 14 (La.App. 5 Cir. 3/30/04), 880 So.2d 831, 840, writ denied, State ex rel. Taylor v. State, 04-1251 (La.3/24/05), 896 So.2d 1025.
We are aware that two different panels of this court have said that sufficiency of the "cleansing period" is not subject to error patent review.[3]State v. Hensley, *403 04-617, p. 16 (La.App. 5 Cir. 3/1/05), 900 So.2d 1, 13-14, writ denied, 05-823 (La.6/17/05), 904 So.2d 683;[4] and State v. Thomas, 04-1341, pp. 15-16 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 906-907, writ denied, 05-2002 (La.2/17/06), 924 So.2d 1013. These cases applied State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158, 1162 to habitual offender proceedings. In contrast, Guzman involved a guilty plea and the issue was not sufficiency of evidence for the habitual offender finding; it was compliance with the statutory requirements of La.C.Cr.P. art. 556.1. Guzman held that "whether a trial court complied with La.C.Cr.P. art. 556.1 in a guilty plea colloquy is not subject to error patent review, but must instead be designated as an assignment of error by the defendant on appeal." 99-1528 at 6, 769 So.2d at 1162. Guzman did not address error patent regarding the sufficiency of proof of the "cleansing period" in a habitual offender proceeding. Additionally, the Supreme Court made clear in State v. Robinson, 06-1406 (La.12/8/06), 943 So.2d 371, 372 (per curiam), that a guilty plea colloquy is not part of the record for purposes of error patent review.
In Thomas, the Court relied on Hensley and Guzman and declined to consider as error patent the sufficiency of the evidence introduced at the habitual offender hearing. 04-1341 at 14-16, 904 So.2d at 906. In Thomas and Hensley no other authority was cited for this position, and such a position is contrary to the position taken by the Supreme Court in State v. Bullock, 311 So.2d 242, 246 (La.1975) and State v. Raymo, 419 So.2d 858, 861 (La.1982). Furthermore, neither Hensley nor Thomas sat as an en banc court to overrule Balser, supra and Raymond, supra.
We hold that since the issue of the sufficiency of proof of the "cleansing period" bears on the defendant's due process rights, we choose to review the issue on appeal as an error patent. To conclude otherwise would be inconsistent with the Supreme Court's recognition of a defendant's due process right to a fundamentally fair hearing. State v. Harris, 95-900 (La.5/19/95), 654 So.2d 680 (per curiam).
The state must prove that the prior convictions fall within the ten year "cleansing period" prescribed by La.R.S. 15:529.1(C); State v. Hollins, supra, 99-278 at 21, 742 So.2d at 685. While the *404 current offense may very well fall within the statutory "cleansing period," it is impossible to calculate whether or not that is the case here given the lack of evidence that the underlying offense was committed within ten years of the defendant's release from state custody for the predicate conviction in case number 97-1488.
Since the state failed to establish when the defendant was actually released from state custody, it was unable to prove that the "cleansing period" had elapsed. Considering the state has failed to meet its burden, we must vacate the habitual offender finding and enhanced sentence and remand the matter to the trial court for further proceedings.
Double jeopardy principles are inapplicable to sentence enhancement proceedings. State v. Dorthey, 623 So.2d 1276, 1279 (La.1993). Therefore, the state may retry the multiple bill if able to cure the noted defect.

Decree
Accordingly, for the reasons stated, we vacate the defendant's multiple offender finding and sentence; we reinstate the defendant's original 25-year sentence; and, we remand for further proceedings.
MULTIPLE OFFENDER FINDING AND SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED AND MATTER REMANDED.
NOTES
[1] Although the minute entry/commitment indicates that Mr. Mosley was unrepresented by counsel at the time he was sentenced to serve 25 years, the transcript shows otherwise. According to the transcript, which prevails, Mr. Mosley was represented by attorney Harry Boyer. See: State v. Lynch, 441 So.2d 732, 734 (La. 1983) (Since there is a discrepancy between the minutes and the transcript, the transcript must prevail.).
[2] In Bowers, the defendant argued that he was wrongly found to be a third felony offender because there was no evidence that he was ever sentenced on the predicate robbery conviction. Citing Raymo, we reviewed the assigned error although the argument was not raised in the district court because the issue may bear upon the defendant's due process rights. 01-120 at 5, 792 So.2d at 912.
[3] We are also aware of Judge Cannella's dissent in State v. Mayer, 98-1311 (La.App. 5 Cir. 9/28/99), 743 So.2d 304, 308, writ granted in part on other grounds, 99-3124 (La.3/31/00), 760 So.2d 309. In Mayer, this court declined to consider the defendant's assigned error regarding the "cleansing period" on the basis that the error was not preserved for appellate review because defendant did not include this complaint in a response to a multiple bill and he did not object on this basis during the multiple offender hearing. Judge Cannella wrote: "Therefore, I dissent from the majority's reliance on State v. Girod, 96-660 (La. App. 5th Cir. 11/25/97), 703 So.2d 771, writ denied, 98-244 (La.6/19/98), 719 So.2d 480 and State v. Radacker, 98-434 (La.App. 5th Cir. 11/25/98), 722 So.2d 1093, writ denied, 99-0031 (La.4/30/99), 741 So.2d 11, in support of the refusal to consider defendant's arguments, since they directly conflict with other cases of this circuit which reach a contrary result. State v. Raymond, 98-KA-119, (La.App. 5th Cir.8/25/98), 718 So.2d 1010; State v. Brown, 98-938 (La.App. 5th Cir.3/10/99), 732 So.2d 566." Id., 98-1311 at 9, 743 So.2d at 309.
[4] On habeas to the United States Eastern District in Louisiana, Judge Berrigan vacated the defendant's habitual offender sentence, reinstated the original sentence on the underlying conviction, and remanded the case to the trial court for the state to hold a new multiple offender hearing if it so chose. Judge Berrigan concluded that counsel was ineffective for failing to object or even inquire into an essential element of the state's burden, where no evidence on that element had been presented. The court remarked that "[d]espite the lack of any evidence of Petitioner's actual discharge date from state supervision on his 1987 conviction, he was adjudicated a multiple offender." Hensley v. Cain, 2008 WL 3365690, *12-13 (E.D.La.2008).