CRICHTON, J.,
additionally concurring.
|,1 agree with the majority’s decision to deny this writ, but write separately to point out the district attorney’s woefully inadequate record. It is the duty of the district attorney to prove the State’s case, and in my view, the State failed to present sufficient evidence to identify defendant in relation to his alleged multiple crimes.
Notwithstanding the aforementioned, it is well settled that double jeopardy principles are inapplicable to sentence enhancement proceedings,[1] and as such, the State may timely re-file its multiple offender bill, or an amended bill, and proceed to an adjudication hearing in accordance with La. R.S. 15:529.1. See generally, State v. Williams, 12-KA-68 (La.App. 5 Cir. 10/9/13), 128 So.3d 359, citing State v. Raymond, 98-119, pp. 9-10 (La.App. 5 Cir. 8/25/98), 718 So.2d 1010, 1014.[2]

. State v. Boatner, 304 So.2d 661 (La.12/2/74)

. “When the evidence is insufficient to prove the prior convictions on a multiple bill, the multiple offender finding may be vacated and remanded for further proceedings .... [and] the State can retry defendant as a multiple offender.” See, e.g., State v. Mosley, 08-1319, p. 9 (La.App. 5 Cir. 5/26/09), 16 So.3d 398, 404; State v. Harris, 99-1288, p. 12 (La.App. 5 Cir. 1/24/01), 782 So.2d 1055, 1062, writ denied, 01-668 [2001-0485] (La.1/25/02), 806 So.2d 668.