laDALEY, Judge.
Defendant James R. Wilson appeals his life sentence under the Habitual Offender Law, arguing that it is constitutionally excessive. Wilson also filed a pro se brief, arguing that the State failed to prove his status as a habitual offender, and asks for review. We affirm the conviction and sentence, but vacate the multiple offender adjudication, and remand for proceedings consistent with this opinion.
On June 4, 1997, the District Attorney for Jefferson Parish charged defendant by Bill of Information with attempted first degree robbery, a violation of LSA-R.S. 14:27, 14:64.1. Defendant pled not guilty at arraignment. A 12-person jury found defendant guilty as charged on December 4, 1997. Defendant filed Motions for a New Trial and for a Post Verdict Judgment of Acquittal, which the trial judge denied before sentencing the defendant to 20 years of imprisonment at hard labor on April 21, 1998. The trial judge also denied defendant’s Motion to Reconsider Sentence.
|3The State filed a habitual offender Bill of Information that alleged defendant to be a third felony offender. On April 21, 1998, the defendant denied these allegations. The trial judge held a habitual offender hearing on August 21, 1998, and took the matter under advisement. On September 4, 1998, the trial judge found defendant to be a third felony offender, vacated the original sentence, and imposed an enhanced sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. Defendant filed a Motion to Reconsider the Enhanced Sentence. Although the minute entry of September 4, 1998 indicated that the Motion to Reconsider was denied, the transcript contained no such denial. The trial judge subsequently granted defendant’s Motion for Appeal.[1]
*704 On June 30, 1999, this court dismissed the appeal and remanded the case to the trial court for a ruling on defendant’s Motion to Reconsider the Enhanced Sentence. On September 3, 1999, the trial court denied the Motion to Reconsider Sentence. (Case number 01-KA-178, R., p. 26). Defendant filed an Application for Post Conviction Relief requesting an out-of-time appeal, which was granted. (Case number 01-KA-178, R., pp. 16-18).

FACTS

On May 11, 1997, Oscar Hudson was working as a clerk at the Circle K located at 4533 Airline Highway. At approximately 8:37 a.m., a man entered the store, selected some beer, and placed it on the counter. At trial, Mr. Hudson identified the defendant as that man. When Mr. Hudson asked if there was anything else he wanted, the defendant replied, “Open the register and give me the money.” Thinking 14defendant was joking, Mr. Hudson asked him what he had said. The defendant told Mr. Hudson to “Open the register and give me the f_ing money, or I’ll kill you.” Mr. Hudson testified at trial he believed the defendant had a gun because his left hand was inside of his pocket. Mr. Hudson demonstrated the defendant’s hand position for the jury.
At that point, Deputy Christopher Ives of the Jefferson Parish Sheriffs Office approached the store. Mr. Hudson testified that when the defendant saw the officer, the defendant said, “I’m sorry man, I was just joking,” and attempted to leave the store. Deputy Ives testified that Mr. Hudson waved and pointed frantically at the defendant. The officer entered the store as the defendant exited, and the officer ordered the defendant to return inside the store. Once inside, Deputy Ives handcuffed defendant, and arrested him for attempted first degree robbery. These events were captured on a surveillance videotape, which was shown to the jury at trial. The defense rested without presenting witnesses or introducing evidence.

ASSIGNMENT OF ERROR NUMBER ONE

Defendant argues that his enhanced sentence is excessive in violation of the constitution. The State responds that the trial court did not abuse its discretion in imposing a life sentence.
In his pro se brief to this court, defendant argues 1) that the evidence presented by the State was insufficient to support his adjudication as a third felony offender, and 2) the trial court incorrectly calculated the defendant’s criminal history category by considering prior felony convictions obtained in violation of the defendant’s sixth amendment right to counsel.
15A review of the record reveals that the State’s Exhibits 3 and 4 are missing from the record. Exhibit 3 is identified as “J.P.S.O Arrest Register,” and Exhibit 4 is identified as “C/C BOYKIN, BILL, SENT. W/COMM. 94-846 & C/C BILL, BOYKIN, DISMISSAL W/ TRANSCRIPT 94-847.” As far as this Court can determine, each missing exhibit concerns a different predicate felony, rendering the proof on each predicate offense incomplete in this record. Following this Court’s discovery of the missing exhibits, this Court contacted the Appeals Department of the 24th JDC in an effort to locate the missing exhibits, but was advised that they were unable to locate the exhibits. Without them, it is impossible to determine whether the State met its burden of proof at the multiple offender hearing. Accordingly, we must vacate the defendant’s adjudication and sentence as a multiple offender, and remand for further proceedings. Since double jeopardy principles are inapplicable to sentence enhancement proceedings, the State may re *705 try defendant as an habitual offender. State v. Raymond, 98-119 (La.App. 5 Cir. 8/25/98), 718 So.2d 1010, 1014.
This finding necessarily pretermits discussion of whether the enhanced sentence was excessive.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5th Cir.1990). There are no errors patent involving the second appeal.
| (Accordingly, for the reasons assigned above, we affirm the defendant’s conviction, vacate his adjudication and sentence as a multiple offender, and remand for proceedings consistent with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.

. While the record does not reflect the date defendant’s appeal motion was filed, the record does reflect the judge granted the motion on September 10, 1998, which was within the five-day delay period for appealing. LSA-C.Cr.P. art. 914.