PATRICIA RIVET MURRAY, Judge.
|, The defendant, Larry Robair, appeals his adjudication and sentencing as a fourth felony offender. Because the record contains insufficient evidence of the defendant’s prior convictions, we vacate his multiple offender adjudication and sentencing, and remand to the trial court for further proceedings.
STATEMENT OF THE CASE
On April 21, 2008, the State of Louisiana charged Larry Robair with aggravated battery, a violation of La. R.S. 14:34. Mr. Robair pled not guilty to the charge. On May 16, 2008, the trial court heard Mr. Robair’s motions, and they were denied. Mr. Robair was tried by a jury and was found guilty of second degree battery in violation of La. R.S. 14:34.1. On January 9, 2009, he was sentenced to five years at hard labor. On July 27, 2009, Mr. Robair filed an appeal alleging that his sentence was excessive and that the record contained insufficient evidence to sustain his conviction of second degree battery. On November 12, 2009, this Court affirmed the defendant’s conviction and sentence. State v. Robair, unpub., 2009-0865 (La.App. 4 Cir. 11/12/09), 25 So.3d 256.
Before this Court’s decision was rendered, the trial court on September 8, 2009, adjudicated Mr. Robair as a quadruple multiple offender. The trial court | j>then vacated its January 9, 2009 sentence and sentenced Mr. Robair to twenty-five years at hard labor. On March 31, 2010, Mr. Robair filed an application for post-conviction relief requesting permission to file an out of time appeal. His motion was granted, and this appeal followed.
STATEMENT OF FACT
The facts underlying the defendant’s conviction of second degree battery are not pertinent to this appeal and are discussed in our prior opinion. See State v. Robair, unpub., 2009-0865 (La.App. 4 Cir. 11/12/09), 25 So.3d 256.
ASSIGNMENT OF ERROR
Mr. Robair’s sole assignment of error is that the trial court erred when it determined that he was a fourth felony offender. He points out that the State introduced evidence from three prior convictions to establish that he was a multiple felony offender. The prior convictions bear docket numbers 358-273, 386^25, and 330-627. However, the only evidence of a prior conviction that is included in the appeal record is docket number 358-273. Because the record is devoid of evidence from the prior convictions bearing docket numbers 386-425 and 330-627, Mr. Robair argues that his conviction and sentencing as a multiple offender should be vacated and remanded for further proceedings.
In its appellate brief, the State concedes that Mr. Robair’s argument has merit. The appeal record also supports Mr. Ro-bair’s argument. On November 16, 2010, this court submitted a letter requesting a copy of the above noted exhibits. On March 29, 2011, the Criminal District Court submitted a response wherein it noted that the multiple exhibits were not in the file.
Although we found no cases on point from this Court, the parties both cite a similar case decided by the Fifth Circuit, State v. Wilson, 01-178, (La.App. 5 Cir. 6/27/01), 790 So.2d 702. In that case, the *462 defendant was convicted of attempted first degree robbery and sentenced to twenty years. Thereafter, the State filed a habitual offender bill of information alleging that the defendant was a third felony offender. A habitual offender hearing was held, and the trial court determined that the defendant was a habitual offender and sentenced him to life in prison. The defendant appealed, arguing that the evidence submitted by the State was insufficient to support his adjudication as a third felony offender. In its decision, the Fifth Circuit noted:
A review of the record reveals that the State’s Exhibits 3 and 4 are missing from the record. Exhibit 3 is identified as “J.P.S.O Arrest Register,” and Exhibit 4 is identified as “C/C BOYKIN, BILL, SENT. W/COMM. 94-846 & C/C BILL, BOYKIN, DISMISSAL W/ TRANSCRIPT 94-847.” As far as this Court can determine, each missing exhibit concerns a different predicate felony, rendering the proof on each predicate offense incomplete in this record. Following this Court’s discovery of the missing exhibits, this Court contacted the Appeals Department of the 24th JDC in an effort to locate the missing exhibits, but was advised that they were unable to locate the exhibits. Without them, it is impossible to determine whether the State met its burden of proof at the multiple offender hearing. Accordingly, we must vacate the defendant’s adjudication and sentence as a multiple offender, and remand for further proceedings. Since double jeopardy principles are inapplicable to sentence enhancement proceedings, the State may retry defendant as an habitual offender. State v. Raymond, 98-119 (La.App. 5 Cir. 8/25/98), 718 So.2d 1010, 1014.
Wilson, 01-178, p. 3, 790 So.2d at 704-705.
Just as in Wilson, the merits of Mr. Robair’s claim regarding his habitual offender adjudication cannot be considered by this Court due to the unavailability of the exhibits introduced at the multiple bill hearing. Therefore, the defendant’s right to appeal his multiple bill adjudication and sentence has been denied. The State concedes that this assignment of error has merit.

\ .CONCLUSION

Accordingly, for the reasons stated, Mr. Robair’s adjudication and sentence as a multiple offender is vacated, and the case is remanded to the trial court for further proceedings.
VACATED AND REMANDED