660 So.2d 466 (1995)
STATE of Louisiana
v.
Ronald G. MELON, Jr.
STATE of Louisiana
v.
Ronnie WILLIAMS.
STATE ex rel. Lionel FRANKLIN
v.
SABELLA.
STATE of Louisiana
v.
David JARREAU.
No. 95-CQ-2209.
Supreme Court of Louisiana.
September 22, 1995.
Certification granted in part; otherwise denied. State v. Bodley, 394 So.2d 584 (La. 1982), provides a rule designed to preserve order and consistency at trial and does not purport to apply in a post-verdict context. On previous occasions, this Court has indicated that the meaningful access to the courts guaranteed by La. Const. art. I, Sections 2, *467 19, and 22 requires courts to accept and consider post-verdict pro se filings from represented defendants. See e.g. State v. Stewart, 94-2267 (La. 9/16/94), 642 So.2d 181; State v. Johnson, 94-2191 (La. 9/16/94), 642 So.2d 181. We reaffirm that rule as stating the correct principle for the courts of this state to follow. We further direct that the lower courts must also accept and consider filings from represented defendants in a preverdict context whenever doing so will not lead to confusion at trial. See, E.g., State v. Sabella, 94-1919 (La. 8/12/94), 642 So.2d 1271; State v. Terry, 94-1493 (La. 7/5/94), 639 So.2d 1186. All courts retain the discretion to grant or withhold co-counsel status, after or before verdict. State ex rel. Spitz v. State, 94-0792 (La. 4/22/94), 637 So.2d 149; State v. McCabe, 420 So.2d 955, 957 (La. 1982).
LEMMON, J., not on panel.