701 So.2d 1076 (1997)
STATE of Louisiana
v.
Patricia VAN WINKLE.
No. 97-KA-307.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1997.
Rehearing Denied December 17, 1997.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, Gretna, for Defendant/Appellant.
Before BOWES, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
Defendant, Patricia Van Winkle, was indicted on August 8, 1991 for second degree murder in the death of her twelve-year-old son, Patrick. After a jury trial, Van Winkle was convicted of manslaughter and sentenced to serve twenty-one years in prison. On review, this court affirmed the conviction and sentence in State v. Van Winkle, 93-843 (La. App. 5th Cir. 3/16/94), 635 So.2d 1177. Subsequently, the Louisiana Supreme Court granted writs, reversed the conviction, and remanded the matter to the district court for a new trial. State v. Van Winkle, 94-0947 (La.6/30/95), 658 So.2d 198.
*1077 On remand, several pre-trial motions, including a motion by the state to introduce evidence of prior bad acts, were heard and denied by the district court. Defendant was arraigned on October 16, 1996, at which time she pled not guilty to the crime of manslaughter.[1] After a jury trial on the merits, defendant was found guilty as charged and sentenced to twenty-one years at hard labor with credit for time served. She has taken this timely appeal.
On the afternoon of July 13, 1991, twelve-year-old Patrick Van Winkle was found dead in the bedroom of the home he shared with his mother, Patricia Van Winkle, his younger sister, Charlene, and an unrelated male boarder, Darrell Hurst. The facts taken from the evidence offered at trial shows that on that day, at 2:44 p.m., an ambulance dispatcher received a 911 call from defendant who reported that her son was not breathing. Police Sergeant Bruce Chauvet entered the apartment in response to the dispatch where he found the defendant and the other occupant of the apartment, Darrell Hurst, having a conversation on the sofa. When defendant saw Sergeant Chauvet she jumped up and screamed "My son is upstairs. I don't think he's breathing. I think he committed suicide". The Sergeant went upstairs to Patrick's room where he found the boy's body laying face up on the bed. Sergeant Chauvet sent for a homicide detective and a representative of the Coroner's Office. Then he secured the scene, checked for signs of criminal entry to the apartment, and awaited the arrival of the medical emergency team. He conducted a consensual search of the apartment and observed that there were blood spatters on the wall around the bed, and on the light switch plate. Further investigation revealed a knife on the floor near the victim's bed. While the room was in disarray and there were signs of a struggle, there was no sign of unauthorized entry. The victim's mother, Patricia Van Winkle, was subsequently arrested and charged with the murder.[2]
An autopsy revealed numerous superficial cuts, bruises, and abrasions to the front of Patrick's face, right side of the neck, chest, right hand, beneath the right ear, and on the back of the left shoulder. The injuries to the right hand appeared to be defensive. It was further concluded that the victim's "anal orifice was dilated" but revealed no evidence of recent injury. The time of death was placed between midnight and 6:00 a.m. Saturday morning, July 13th. An internal examination revealed that the victim died of asphyxiation due to suffocation.
After considering the above evidence along with additional forensic evidence, the jury found the defendant guilty of manslaughter.
In brief to this court defense counsel argues that the trial court erred in refusing to order the state to excise inadmissible evidence of other crimes from defendant's statement to police. Specifically, the defendant objects to the use of a certain portion of a taped statement made by the defendant at the Jefferson Parish Detective Bureau during the investigation of the murder. At the trial on the merits, the state sought to introduce, in its entirety, the defendant's statement to detectives. Defense counsel made a motion to excise from the statement the following portion in bold:
Q: Okay, uh! Have you had any problems with either of your children in the last year or two, uh, in which the police were called?
A: Ah! Yes I did uh! About a year ago Patrick accused me of hurting him and the police were called and there was no bruises or anything on the kids. They went and stayed at a neighbor's house. The policeman brought `em over to a neighbors house ... (State Exhibit 48)
To fully review defendant's argument we must consider a pre-trial motion filed by the state seeking to admit evidence of prior crimes in accordance with State v. Prieur, *1078 277 So.2d 126 (La.1973). In that motion, which was denied by the trial court in a pre-trial hearing, the state wished to introduce evidence of:
1. The 1982 proceedings against defendant, initiated by OCS when Patrick was discovered wandering around in a parking lot when Patricia was intoxicated.
2. Defendant's 1985 charges and subsequent OCS investigation for cruelty to a juvenile.
3. Defendant's 1990 arrest for cruelty to a juvenile, which was precipitated by Patrick's call to the police reporting his mother for intoxication, drug use, and cruelty.
4. The April 1991 OCS investigation of defendant based on her intoxication at a meeting with Patrick's school principal. Patrick told the OCS worker about his problems with his mother's intoxication, as well as defendant's appearance and demeanor.
The state noted its intention to offer this evidence in order to show proof of the defendant's motive in accordance with State v. Lafleur, 398 So.2d 1074 (La.1981), in which the Supreme Court held that evidence of other crimes may be independently relevant to show motive, or to show that the defendant had a reason to commit the crime with which he was charged. That motion was denied in a pre-trial hearing. Defendant now argues that the trial court's refusal to excise the portion of the statement at issue permitted admission of the same other crimes evidence which was precluded by the denial of the state's pre-trial motion.
Generally evidence of other crimes, or bad acts, is not admissible. However, when such evidence tends to prove a material issue and has independent relevance other than showing that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this exclusionary rule. These exceptions are codified in LSA-C.E. art. 404(B)(1) which provides in pertinent part:
"Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding."
In State v. Prieur, supra, the court set out the requirements for admission of such evidence. Prieur requires the state to, within a reasonable time before trial, furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony. In the written statement the state must specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses. Prerequisite to the admissibility of the evidence is a showing by the state that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered. Prieur, supra 277 So.2d at 130.
Defendant is correct in asserting that under LSA-R.S. 15:450[3], a defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him. Nonetheless, the defendant may waive this statutory right. The law, as stated in State v. Morris, 429 So.2d 111, 121 (La.1983), is clear that when the state seeks to introduce a confession or statement of the defendant *1079 which contains other crimes evidence, the defendant has two options:
He may waive his right to have the whole statement used, object to the other crimes evidence, and require the court to excise it before admitting the statement; or, he may insist on his right to have the statement used in its entirety so as to receive any exculpation or explanation that the whole statement may afford. A third alternative, that of keeping the whole statement out, is not available to defendant, unless, of course, the confession itself is not admissible. (Citations omitted)
The state responds that nothing in the part of the statement which defense counsel sought to excise constituted other crimes evidence. In determining whether the portion of the statement sought to be excised constitutes the type of other crimes evidence previously deemed inadmissable, the reviewing panel should consider the entire statement and the purpose for which the statement was offered. We have done so and find the state's argument persuasive.
The statement in its entirety discussed many issues, including the lifestyle of the victim's family and the activities of the evening of the victim's death. The entire statement was not introduced to show motive, as was argued in the Prieur hearing, but rather to establish the events leading up to the victim's death. Defendant argues that the statement was the type of evidence used merely to show the bad character of the defendant which was previously deemed inadmissible. However, in light of the fact that the statement to which defendant objects mentions that there were no bruises on the victim, this argument is without merit. The statement did not go to a showing of bad character on the part of the defendant; on the contrary, the statement exonerates the defendant of wrongdoing.
The defense counsel has also requested a review of the record for errors patent. We have conducted such a review and have found none.
Defendant has filed a pro se brief in addition to the brief filed by defense counsel. In accordance with the Supreme Court's directive in State v. Melon, 95-2209 (La.9/26/95), 660 So.2d 466, we have considered defendant's pro se brief and find that it makes several claims of ineffective assistance of trial counsel. A defendant is entitled to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article 1, Section 13 of the Louisiana constitution. The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through post conviction relief rather than direct appeal, so as to afford the parties an evidentiary hearing before the trial court and to create an adequate record for review. State v. Truitt, 500 So.2d 355 (La. 1987); State v. Brown, 384 So.2d 983 (La. 1980).
The record is insufficient in this case for this court to make a substantive ruling on the issue of ineffective assistance of counsel. The issue is more properly raised on application for post conviction relief filed in accordance with LSA-C.Cr.P. arts. 924 et seq. State v. Schexnayder, 96-98 (La.App. 5 Cir. 11/26/96), 685 So.2d 357.
Accordingly, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Because defendant was convicted of manslaughter in the first trial, she could not be re-tried for a greater offense. State v. Van Winkle, 94-0947 (La.6/30/95), 658 So.2d 198.
[2] Other facts discovered during the course of the investigation as presented in this re-trial are substantially the same as those elicited in the original trial and chronicled in the first two published opinions previously cited. Therefore, we find it unnecessary to reiterate them in this opinion.
[3] LSA-R.S. 15:450 provides:

Every confession, admission, or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.