COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

ALBERT K. ALEXANDER

\*\*\*\*\*\*\*\*\*\*\*\*

WRIT OF REVIEW FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 106657
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**WRIT GRANTED AND MADE PEREMPTORY**.

Albert K. Alexander
L.P.C.C. 4F/12-B
P. O. Box 2537
Lafayette, Louisiana 70502
    *Pro Se* Defendant/Appellant

Michael Harson
District Attorney
Fifteenth Judicial District Court
P.O. Box 3306
Lafayette, Louisiana 70502-3306
(337) 232-5170
    Counsel for the State of Louisiana

**GENOVESE, Judge.**

Defendant, Albert K. Alexander, seeks a writ of review of the trial court's denial of his motion for a speedy trial. For the following reasons, we grant the writ and make it peremptory. We order the trial court to conduct a contradictory hearing: (1) to advise Defendant of his right to counsel; (2) to determine if Defendant is capable of making a knowing and intelligent decision as to whether or not he wishes to represent himself in these proceedings; (3) if so, whether or not he wishes to do so; and (4) to proceed accordingly thereafter.

## FACTS

Under a separate trial court docket number 108126, Defendant was charged with one count of forcible rape, in violation of La.R.S. 14:42.1, and six counts of molestation of a juvenile, in violation of La.R.S. 14:81.2. Since being charged, Defendant has filed numerous motions with the trial court and multiple applications for supervisory review with this court.

In the instant matter before this court, Defendant was charged with theft of a trailer, in violation of La.R.S. 14:67, under docket number 106657. On July 11, 2007, Defendant filed an "EXPEDITED MOTION FOR FAST AND SPEEDY TRIAL" with the trial court seeking a speedy trial under La.Code Crim.P. art. 701 for trial court docket number 106657. On August 14, 2007, the trial court denied Defendant's motion, stating "motions only by counsel of record are recognized. Denied."

On August 14, 2007, Defendant filed an application for supervisory review with this court. Defendant requested relief under *State v. Melon*, 95-2209 (La. 9/22/95), 660 So.2d 466. This court granted Defendant relief, stating:

> **WRIT GRANTED AND MADE PEREMPTORY:** Defendant's July 11, 2007, "EXPEDITED MOTION FOR FAST AND SPEEDY TRIAL"

1

filed in docket number 106657 is remanded to the trial court for consideration and ruling thereon in accordance with *State v. Melon*, 95-2209 (La. 9/22/95), 660 So.2d 466. In the event the trial court finds that consideration of this motion would lead to confusion at trial, it should specifically set forth the basis for its finding.

In response to the action of this court, the trial court issued an order on September 18, 2007, which stated:

> On July 11, 2007, defendant filed an "Expedited Motion for Fast and Speedy Trial" in the above-captioned matter. This court denied that motion because the defendant was represented by counsel, therefore, only pleadings filed by counsel of record would be recognized. On August 31, 2007, the Third Circuit granted writs to the defendant and remanded the motion under the holding of ***State v. Melon***, 660 So.2d 466 (La. 1995), stating that if the trial court finds that consideration of the motion would lead to confusion at trial, the trial court should specifically set forth the basis for its finding.

> After re-reviewing the record, this court finds that consideration of the motion would lead to confusion at trial. On January 17, 2006, defense counsel moved in open court to continue the matter without date. This was granted. Defendant now moves for a completely opposite motion.

> In any criminal case, it is incumbent that one person will be in charge of defending the case. If defense counsel is hired or appointed, defense counsel is that person. Defense counsel cannot have his client undermining trial strategy by filing motions and pleadings that are in direct conflict with motions filed by defense counsel.

> Because of the conflicting motion, the court finds that it would lead to confusion at trial to hear the motion. Accordingly, the "Expedited Motion for Fast and Speedy Trial" is denied.

From this action of the trial court, Defendant *pro se* seeks relief, contending that the trial court judge should be recused and that his motion for speedy trial should be granted.

## LAW AND DISCUSSION

**Recusal**

In Defendant's application for writ of review, he requests that another judge

2

be directed to hear his motion for speedy trial, stating:

> Accordingly, the defendant aver [sic] that Judge Patrick L. Michot, should be Recused from hearing the defendant [sic] Expedited Motion for Fast and Speedy Trial, because of his biased on [sic] prejudicial and personal interest to the extent that he wouldn't be able to conduct a fair and impartial motion hearing and/or trial because of the defendant [sic] complaint filed against Judge Patrick L. Michot, to the Louisiana Judiciary Commission.

A review of the record reveals that this issue was not presented to the trial court for consideration and is, therefore, not subject to review by this court. Consequently, Defendant's request that the trial judge be recused will not be considered as said issue was not first presented to the trial court for consideration. Uniform Rules— Courts of Appeal, Rule 1–3.

**Motion for Speedy Trial**

On September 18, 2007, the trial court judge signed an order denying Defendant's "Expedited Motion for Fast and Speedy Trial," finding that allowing Defendant to file *pro se* motions "in direct conflict with motions filed by defense counsel" would lead to "confusion at trial." The record indicates that, on January 17, 2006, defense counsel moved for and was granted a continuance without date. Some nineteen months later, on July 11, 2007, Defendant filed a *pro se* motion for speedy trial, which was denied. The end result is that the Defendant still does not have a trial date. Apparently, defense counsel, from a strategic standpoint, did not feel that it was in his client's best interest that the case be set for trial at that time. Defendant, on the other hand, wants a speedy trial but his motion has been denied. Consequently, this matter is at a standstill, and this dilemma must be addressed.

Though we acknowledge the trial court's rationale that allowing pre-trial conflicting motions between defense counsel and Defendant *pro se* would lead to

3

confusion, Defendant has a constitutional right to have a speedy trial. U.S. Const. amend. VI; La.Const. art. 1, § 16. At present, Defendant is in limbo.

This court is well aware of the numerous cases wherein defendants have filed *pro se* motions which have been denied by the trial court due to said defendants already being represented by court-appointed or retained counsel. When a writ is taken from these cases, the appellate court customarily grants the writ, makes it peremptory, and remands the case to the trial court for consideration and ruling in accordance with *Melon*, 660 So.2d 466, as was done in this case. However, that does not solve the problem.

In *Melon*, our supreme court specifically relied on *State v. Bodley*, 394 So.2d 584 (La.1981). In *Bodley*, our supreme court held: "While an indigent defendant has a right to counsel as well as the opposite right to represent himself, he has no constitutional right to be both represented and representative." *Id.* at 593. In the case at bar, Defendant seeks to do just that. Defendant seeks to be both represented and representative. He has in place legal representation by defense counsel, yet he wants to represent himself, in part, as evidenced by the filing of his *pro se* motions.

In order to address and alleviate the problem in this case, Defendant's writ must be granted, made peremptory, and the trial court must first advise Defendant of his constitutional right to counsel, and then the trial court must conduct a contradictory hearing to determine: (1) if Defendant is capable of representing himself; and (2) if so, does Defendant desire to represent himself and forego representation by defense counsel. If the trial court finds that Defendant is not competent or does not have the capacity to represent himself, then he is not allowed to represent himself. If the trial court determines that Defendant knowingly,

4

willingly, and intelligently chooses to represent himself, in effect waiving counsel, then he may do so and will not have the benefit of counsel. At that point, the trial court must advise Defendant of the consequences of foregoing legal representation and the dangers and disadvantages as a result thereby. *See State v. Frisella*, 03-1213 (La.App. 5 Cir. 2/23/04), 868 So.2d 871. Thereafter, the trial court must relieve counsel of any further representation of Defendant's interest in this matter and then entertain Defendant's *pro se* motions. This does not in any way restrict Defendant's access to the court to address any conflict or problems *with counsel* in pre-trial and trial matters.

## DECREE

For the reasons set forth above, we grant Defendant's application for writ of review, make it peremptory, and reverse the trial court's denial of Defendant's Expedited Motion for Fast and Speedy Trial. The trial court is ordered to advise Defendant of his constitutional right to counsel, and then to conduct a contradictory hearing within thirty days from date hereof with the State, Defendant, and defense counsel to determine: (1) whether Defendant is competent and capable of representing himself; and (2) if so, whether he chooses to represent himself and forego defense counsel. If the trial court finds that Defendant voluntarily, knowingly, and intelligently chooses to represent himself and forego representation by defense counsel, then Defendant may do so, and his *pro se* motions are to be entertained by the trial court. Otherwise, Defendant will not be allowed to file *pro se* motions and must defer to legal representation of his interest by defense counsel. Defendant's right of access to the court is maintained to address any conflict or problems with his defense counsel. We remand this matter for further proceedings consistent herewith.

**WRIT GRANTED AND MADE PEREMPTORY.**