# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #059

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **6th day of December, 2017**, are as follows:

**PER CURIAM**:

2017-KK-0705       STATE OF LOUISIANA v. REGGIE PATRICK THIBODEAUX (Parish of Terrebonne)

We find the procedure crafted by the court of appeal in Alexander best safeguards a defendant's rights to due process, access to the courts, and to the assistance of counsel, while also affording the trial court the opportunity to prevent confusion or disruption of the trial process that is risked by the filing of pro-se motions by a represented defendant. That is not to say, however, that a hearing like that envisioned in Alexander will be necessary every time a represented defendant files a pro-se motion and defendant must in each instance necessarily be asked to choose between continued representation of counsel or having his pro-se motion considered. In many instances, counsel may simply wish to adopt the pro-se filing or the trial court can review the motion and assess its potential for confusion, disruption, or reversible error. Regardless, however, the trial court's use of a stamp to reflexively deny all pro-se filings by a represented defendant is inadequate to safeguard the defendant's rights while ensuring the efficient and orderly administration of criminal justice.  Therefore, we reverse the court of appeal's ruling and remand to the trial court for further proceedings consistent with the views expressed herein. The trial court is directed to determine whether defense counsel wishes to adopt defendant's pro-se motion to suppress and, if counsel does not, evaluate its disruptive potential in light of Melon before determining whether to conduct a hearing consistent with Alexander.
REVERSED AND REMANDED.

Retired Judge Burrell Carter assigned as Justice ad hoc, sitting for Weimer, J., recused.

WEIMER, J., recused.
HUGHES, J., concurs with reasons.

12/06/17

SUPREME COURT OF LOUISIANA

No. 2017-KK-0705

STATE OF LOUISIANA

VERSUS

REGGIE PATRICK THIBODEAUX

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIRST CIRCUIT, PARISH OF TERREBONNE

PER CURIAM*

Defendant, who was charged with several felony and misdemeanor drug offenses as well as with arresting arrest, and who was represented by a public defender, filed a pro-se motion to suppress the evidence. The trial court denied the motion, stamping it, "Motion denied: Defendant herein is represented by counsel." Thereafter, defendant filed additional pro-se motions (i.e., a motion for production of discovery documents and motion for hardship release or for bail reduction), each of which received the same stamped denial by the trial court. Defendant pro-se then applied to the court of appeal seeking review, inter alia, of the denial of his motion to suppress. The court of appeal granted the application in part and directed the trial court to conduct a hearing to afford defense counsel an opportunity to adopt the motion. Citing *State v. Melon*, 95-2209 (La. 9/22/95), 660 So.2d 466, the court of appeal found that "[l]ower courts are required to accept and consider *pro se* filings from represented defendants in a preverdict context whenever doing so will not lead to confusion at trial." *State v. Thibodeaux*, 17-0232 (La. App. 1 Cir. 3/31/17) (unpub'd).

_____

* Retired Judge Burrell Carter assigned as Justice ad hoc, sitting for Weimer, J., recused.

In *State v. Bodley*, 394 So.2d 584, 593 (La. 1981), this Court found that a defendant has no constitutional right to be both represented and representative:

> While an indigent defendant has a right to counsel as well as the opposite right to represent himself, he has no constitutional right to be both represented and representative. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Daniels*, 572 F.2d 535 (5th Cir. 1978); *United States v. Conder*, 423 F.2d 904 (6th Cir. 1970), *U.S. cert. den.* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267; *United States v. O'Looney*, 544 F.2d 385 (9th Cir. 1976), *U.S. cert. den.* 429 U.S. 1023, 97 S.Ct. 642, 50 L.Ed.2d 625. With regard to trial tactics, the federal courts have clearly stated that once a person is represented by counsel, he is bound by his attorney's decisions at trial unless the attorney's actions effectively deny the defendant his Sixth Amendment right to assistance of counsel. *United States v. Daniels, supra*; *see also Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). While this rule is an interpretation of a federal statute, it sets up the constitutional boundaries of a trial court's discretion. Using the rule, federal courts have stated that a defendant has no right to enter his own personal objections to testimony after he has accepted the pre-trial assistance of counsel, *Conder, supra*; no fundamental right to require that a particular witness be called at trial, *Daniels, supra*; nor a right to object to his attorney's decision to request a special verdict in a criminal case, *O'Looney, supra*.

Thereafter, although the court in *Bodley* largely focused on the importance of avoiding confusion at trial, several circuit courts began to refuse to consider the appellate pro-se filings of represented defendants on direct review. Therefore, this court clarified in *State v. Melon*, 95-2209 (La. 9/22/95), 660 So.2d 466 (per curiam), that "*State v. Bodley*, 394 So.2d 584 (La.1982), provides a rule designed to preserve order and consistency at trial and does not purport to apply in a post-verdict context." The *Melon* court, however, exceeded the scope of the certified question presented and also held that "the lower courts must also accept and consider filings from represented defendants in a preverdict context whenever doing so will not lead to confusion at trial." This terse reference in *Melon* to "confusion at trial" was not, however, intended to draw a bright line at trial or require trial courts to consider all pro-se pretrial filings by represented defendants. Instead, it was intended to curtail confusing or contradictory motions with the

2

potential to disrupt the trial process or result later in reversible error.

While *Melon* can be misconstrued and applied too broadly, the trial court here erred in contrast by reflexively rejecting all pro-se filings by represented defendants without reference to their disruptive potential. We find that *State v. Alexander*, 07-1236 (La. App. 3 Cir. 4/9/08), 980 So.2d 877, strikes a delicate balance. The represented defendant in *Alexander* filed a pro-se speedy trial motion, which motion can present serious legal ramifications and complex considerations few pro-se litigants are equipped to weigh carefully.[1] To balance *Melon*, its underlying considerations, *Bodley*, and its holding, the court of appeal crafted the following procedure:

> In order to address and alleviate the problem in this case, Defendant's writ must be granted, made peremptory, and the trial court must first advise Defendant of his constitutional right to counsel, and then the trial court must conduct a contradictory hearing to determine: (1) if Defendant is capable of representing himself; and (2) if so, does Defendant desire to represent himself and forego representation by defense counsel. If the trial court finds that Defendant is not competent or does not have the capacity to represent himself, then he is not allowed to represent himself. If the trial court determines that

---

[1] The court of appeal framed the problem as follows:

Though we acknowledge the trial court's rationale that allowing pre-trial conflicting motions between defense counsel and Defendant pro se would lead to confusion, Defendant has a constitutional right to have a speedy trial. U.S. Const. amend. VI; La. Const. art. 1, § 16. At present, Defendant is in limbo.

This court is well aware of the numerous cases wherein defendants have filed pro se motions which have been denied by the trial court due to said defendants already being represented by court-appointed or retained counsel. When a writ is taken from these cases, the appellate court customarily grants the writ, makes it peremptory, and remands the case to the trial court for consideration and ruling in accordance with *Melon*, 660 So.2d 466, as was done in this case. However, that does not solve the problem.

In *Melon*, our supreme court specifically relied on *State v. Bodley*, 394 So.2d 584 (La.1981). In *Bodley*, our supreme court held: "While an indigent defendant has a right to counsel as well as the opposite right to represent himself, he has no constitutional right to be both represented and representative." *Id.* at 593. In the case at bar, Defendant seeks to do just that. Defendant seeks to be both represented and representative. He has in place legal representation by defense counsel, yet he wants to represent himself, in part, as evidenced by the filing of his pro se motions.

*Alexander*, 07-1236, pp. 3–4, 980 So.2d at 880.

> Defendant knowingly, willingly, and intelligently chooses to represent himself, in effect waiving counsel, then he may do so and will not have the benefit of counsel. At that point, the trial court must advise Defendant of the consequences of foregoing legal representation and the dangers and disadvantages as a result thereby. *See State v. Frisella*, 03-1213 (La.App. 5 Cir. 2/23/04), 868 So.2d 871. Thereafter, the trial court must relieve counsel of any further representation of Defendant's interest in this matter and then entertain Defendant's pro se motions. This does not in any way restrict Defendant's access to the court to address any conflict or problems with counsel in pre-trial and trial matters.

*Alexander*, 07-1236, pp. 4–5, 980 So.2d at 880.

We find the procedure crafted by the court of appeal in *Alexander* best safeguards a defendant's rights to due process, access to the courts, and to the assistance of counsel, while also affording the trial court the opportunity to prevent confusion or disruption of the trial process that is risked by the filing of pro-se motions by a represented defendant. That is not to say, however, that a hearing like that envisioned in *Alexander* will be necessary every time a represented defendant files a pro-se motion and defendant must in each instance necessarily be asked to choose between continued representation of counsel or having his pro-se motion considered. In many instances, counsel may simply wish to adopt the pro-se filing or the trial court can review the motion and assess its potential for confusion, disruption, or reversible error. Regardless, however, the trial court's use of a stamp to reflexively deny all pro-se filings by a represented defendant is inadequate to safeguard the defendant's rights while ensuring the efficient and orderly administration of criminal justice.

Therefore, we reverse the court of appeal's ruling and remand to the trial court for further proceedings consistent with the views expressed herein. The trial court is directed to determine whether defense counsel wishes to adopt defendant's pro-se motion to suppress and, if counsel does not, evaluate its disruptive potential in light of *Melon* before determining whether to conduct a hearing consistent with

4

*Alexander*.

**REVERSED AND REMANDED**

**SUPREME COURT OF LOUISIANA**

**No. 2017-KK-0705**

**STATE OF LOUISIANA**

**VERSUS**

**REGGIE PATRICK THIBODEAUX**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF TERREBONNE**

**Hughes, J. concurring.**

I write to emphasize this court's guidance that an Alexander hearing is not required in response to every pro se filing. I believe that **Bodley** and **Melon** rightly focus on confusion *at trial*. Forcing a defendant to give up the right to counsel prematurely will not lead to an efficient administration of justice. Any good defense lawyer worth his or her salt will file a motion for bond reduction, motion for preliminary exam, and motion to suppress at the earliest opportunity. 60 days, mentioned at oral argument, is too long. Motions to quash or for a speedy trial may require a little more thought.

When a defendant is forced to file motions because defense counsel has failed to do so promptly, a little common sense and advocacy can go a long way. Read the motion. Talk to the client. Give advice. If the client insists on doing it his or her own way, so be it. The consequences are then on the client. A stamped denial and a public defender litigating against his own client present embarrassing optics, and are not worthy of the duty of court and counsel.